UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY OWENS * CIVIL ACTION
 *
VERSUS * NO. 07-8975
 *
FIDELITY NATIONAL INSURANCE COMPANY * SECTION "L"(4)

## ORDER AND REASONS

Before the Court is the Defendant Fidelity National Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 9). For the following reasons, the motion is hereby GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 2253 Lafreniere Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The property in question was covered by a Standard Flood Insurance Policy ("SFIP") issued by Fidelity National Insurance Company ("Fidelity") to the Plaintiff. Fidelity is a Write-Your-Own ("WYO") flood carrier participating in the National Flood Insurance Program. As a result of the damages caused by Hurricane Katrina, the Plaintiff notified Fidelity and made claims under the policy.

The Plaintiff filed the present action in August of 2007 in the Civil District Court for the Parish of Orleans. The Plaintiff alleges that he is entitled to payment from Fidelity for damages and losses to the property. The Plaintiff also seeks penalties, attorneys' fees and costs from Fidelity pursuant to Louisiana Revised Statutes 22:658, and 22:1220.On November 19, 2007, Fidelity removed this case to federal court alleging that this Court had federal question

jurisdiction pursuant to 28 U.S.C. §1446. Fidelity has answered and denies liability. Fidelity asserts that the Plaintiff has failed to comply with the terms of the policy, that Fidelity is entitled to an offset for amounts already recovered, and that the damages were the result of causes not within the scope of the SFIP.

## II. MOTION AND ANALYSIS

Fidelity now moves for summary judgment finding that the Plaintiff's claims against Fidelity fail as a matter of law and there are no genuine issues of material fact. Fidelity contends that the Plaintiff was paid policy limits on the policy coverage and that the Plaintiff never submitted a signed and sworn Proof of Loss in support of the claim. The Plaintiff has not filed a response.

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D.La.2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir.2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.1987).

The law in the Fifth Circuit is clear that a failure to provide such proof of loss pursuant to the express terms of the policy warrants dismissal or judgment as a matter of law; substantial compliance is not enough. *See, e.g., Marseilles Homeowners Condominium*

*Association, Inc. v. Fidelity National Insurance Company*, 542 F.3d 1053 (5th Cir. 2008); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998) ("As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."); *Henly v. Allstate Ins. Co.*, 2008 WL 89970, at *2 (E.D. La. Jan.8, 2008) ("As a matter of law, the failure to timely file the requisite proof of loss and failure to provide documentation of [the Plaintiff's] loss prior to filing this suit are fatal to Plaintiff's instant claims against [the insurer]."); *Guillot v. Allstate Ins. Co.*, 2008 WL 45359, at *2 (E.D. La. Jan.2, 2008) ("Plaintiff's failure to provide adequate documentation of her loss is sufficient grounds for granting defendant partial summary judgment."); *LeBlanc v. State Farm Ins*. Co., 2008 WL 1990817 (E.D. La. May 5, 2008). A signed and sworn proof of loss is a prerequisite to support the Plaintiff's claim under Article VII(J) of the Standard Flood Insurance Policy. Since the Plaintiff failed to comply with the terms of the policy requiring the proper documentation, the Plaintiff's claim against Fidelity should be denied and summary judgment is appropriate at this time.

Furthermore, Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and a copy be delivered to chambers eight days prior to the date set for hearing on the motion. No memorandum in opposition to the Defendant Fidelity National Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 9), set for hearing on January 28, 2009, has been timely submitted by the Plaintiff.

Accordingly, this motion is deemed to be unopposed, and furthermore, it appearing to the Court that the motion is grounded in law and fact, the Court finds that the Defendant has demonstrated that the Plaintiff has no cause of action against Fidelity under the SFIP and the

Defendant's motion for summary judgment should be granted.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant Fidelity National Insurance Company's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this 19th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE